Daniel, Judge,
 

 after stating the case as above, proceeded : — The act of assembly passed in 1824, incorporated the subscribers to the stock into a'company, by and under the name and style of “ The Buncombe Turnpike Company and it declared, that as such, the corporation might sue and be sued, and have perpetual succession, and- a common seal, and all other corporate rights necessary for the objects of the company. The seventh section of the said act, authorizes the president and directors to demand and receive, at some convenient toll-gates, the tolls. We think this section only constituted the president and directors agents for the corporation, for the objects there mentioned. It did not authorize them to sue for the tolls in their own names, although they should make the addition to. their names in the writ, that they were the President and Directors of the Buncombe Turnpike Company. The suit should have been brought in the name of the corporation, and to answer “ The Buncombe Turnpike Company.” Ihe defendant, if he owed at all, in the supposed case, owed no one else. We think the plaintiffs were properly nonsuited; and the judgment must be affirmed. The plaintiffs might, on motion and payment of the cost, have had the writ and declaration amended, by striking out the names of the plaintiffs, and their additions.
 
 M‘Clure
 
 v.
 
 Burton and Others,
 
 1 Car. Law Rep. 472. The writ would then have stood thus — “ then and there to answer the Buncombe Turnpike Company, of a plea of trespass on the case, &c.” As no motion to amend was made, the judge was obliged to reject the evidence offered, as it was not pertinent to the plaintiff’s case.
 

 Per Curiam. Judgment affirmed.